IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NENA ANSAGAY, on behalf of herself, THE ESTATE OF BENJAMIN O.K. ANSAGAY, and their minor child, K.A.,<br><br>　　　　　　Plaintiff,<br><br>　　　vs.<br><br>DOW AGROSCIENCES LLC; DOE CORPORATION 1; DOES 2-100,<br><br>　　　　　　Defendants.<br>_____ | ) CIVIL NO. 15-00184 SOM-RLP<br>)<br>)<br>) ORDER GRANTING IN PART AND<br>) DENYING IN PART PLAINTIFF'S<br>) MOTION TO FILE FIRST AMENDED<br>) COMPLAINT AND FINDINGS AND<br>) RECOMMENDATION TO DENY<br>) PLAINTIFF'S MOTION FOR REMAND<br>)<br>)<br>)<br>)<br>)<br>) |

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
MOTION TO FILE FIRST AMENDED COMPLAINT AND FINDINGS AND
<u>RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR REMAND</u>[1]

Two matters are currently before the Court: (1) Plaintiff's Motion to File First Amended Complaint, filed November 16, 2015; and (2) Plaintiff's Motion for Remand, also filed November 16, 2015.  ECF Nos. 20, 21.  Defendant Dow Agroscience LLC ("DAS") filed its Opposition to the Motions on November 25, 2015.  ECF No. 25.  Plaintiff filed her Reply on November 30, 2015.  ECF No. 27.  The Court granted Plaintiff's request to resolve these motions on shortened time and found these matters suitable for disposition without a hearing pursuant to Rule

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation.  If no objections are filed, no appellate review will be allowed.

7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii.  ECF No. 23.  After carefully reviewing the submissions of the parties and the relevant legal authority, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion to File First Amended Complaint and FINDS AND RECOMMENDS that the district court DENY Plaintiff's Motion for Remand.

BACKGROUND

Plaintiff brought this action against Defendants for the wrongful death and other injuries suffered by her husband, Benjamin O.K. Ansagay.  See ECF No. 1-1.  Mr. Ansagay was a pesticide applicator working for XTermco, Inc., in Hawaii and used the insecticide "Dursban" exclusively at his job from roughly 1988 to 1991.  Id. ¶ 2.  Dursban is manufactured by Defendant DAS.  Id. ¶ 1.  Mr. Ansagay died of lung cancer on August 15, 2014.  Id. ¶ 2.  Before he passed away, Mr. Ansagay also developed infertility and depression.  Id.

Plaintiff filed this Complaint on April 2, 2015, in the Circuit Court of the First Circuit, State of Hawaii, captioned Nena Ansagay, on behalf of herself, The Estate of Benjamin O.K. Ansagay, and their minor child, K.A. v. Dow Agrosciences, LLC, Doe Corporation 1, Does 2-100, Civil No. 12-1-2604-10 (RAN).  See Compl., attached as Ex. 1 to Notice of Removal, ECF No. 1-1.  The Complaint asserts nine claims:  wrongful death, two claims of negligence, breach of express warranties, breach of implied

2

warranties, strict product liability, defective design, testing, and/or manufacturing, negligent infliction of emotional distress, and intentional inflection of emotional distress.  ECF No. 1-1 ¶¶ 52-88.  The Complaint asserts these claims against Defendant DAS, "Doe Corporation 1," and "Does 2-100."  Id. ¶¶ 10-11.  Doe Corporation 1 is identified as a Hawaii corporation licensed to distribute Dow products and as the entity that purchased Dursban from Dow and sold it to Mr. Ansagay's employer.  Id. ¶¶ 11, 23.  Plaintiff also alleges that an agent of Doe Corporation 1 "represented to Mr. Ansagay that Dursban was safe because the E.P.A. would not allow any pesticide to be sold that the body could not flush out."  Id. ¶ 23.

Defendant DAS removed this action on May 18, 2015, on the basis of diversity.  See ECF No. 1.  Defendant DAS filed a Motion for Summary Judgment on September 28, 2015.  ECF No. 16.  Shortly before her opposition to the Motion for Summary Judgment was due, Plaintiff filed the present motions seeking leave to amend the Complaint to name two new defendants:  Brewer Environmental Industries Holdings, Inc. ("Brewer") and Van Waters and Rogers Corporation ("Van Waters").  ECF No. 20-5.  Plaintiff asserts that Brewer is a Hawaii corporation and is the "Doe Corporation 1" identified in her original Complaint.  Id.  Plaintiff asserts that Van Waters is a foreign corporation with a mailing and service address in Washington.  See ECF No. 20-5 at 4.  Because Brewer is a

3

Hawaii corporation and complete diversity would be destroyed if it were named as a Defendant, Plaintiff also seeks to remand this action.  See ECF No. 21.

## DISCUSSION

In her Motion to File First Amended Complaint, Plaintiff requests leave to add Van Waters and Brewer as Defendants.  The Court addresses each proposed new defendant separately.

**I.   Plaintiff's Request for Leave to Add Van Waters is GRANTED.**

In her Motion to File First Amended Complaint, Plaintiff seeks leave to add Van Waters as a defendant.  See ECF No. 20-1. Plaintiff contends that she has determined that Van Waters is one of the entities that sold Dursban to Mr. Ansagay's employer.  See id. at 4-5.  Unlike with Brewer, there is no indication in the record that adding Van Waters as a defendant in this action would destroy diversity or affect this court's jurisdiction.  Defendant DAS does not address Van Waters in its Opposition or make any argument regarding Van Waters' addition to this action.  See ECF No. 25.

Under Rule 15(a)(2) "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  Rule 15(a)(2) states that leave to amend should be freely given when justice so requires.  Id.  Whether to grant leave to amend is within the court's discretion.  Foman v.

Davis, 371 U.S. 178, 182 (1962). In determining whether to grant leave to amend, courts consider several factors including undue delay, whether the opposing party will be prejudiced, futility of the amendment, and bad faith by the movant. Id. Here, Plaintiff's request for leave to add Van Waters is timely and Defendant DAS does not argue that the addition of Van Waters would be prejudicial or futile. Accordingly, the Court GRANTS Plaintiff's request for leave to amend her Complaint to add Van Waters as a defendant.

**II. Plaintiff's Request for Leave to Add Brewer is DENIED.**

In her Motion to File First Amended Complaint, Plaintiff argues that the standard under Rule 15(a) also applies to her request for leave to add Brewer as a defendant. See ECF No. 20-1. However, the Court finds that the standard under 28 U.S.C. § 1447(e) applies because the addition of Brewer would destroy complete diversity. See Winner's Circle of Las Vegas, Inc. v. AMI Franchising, Inc., 916 F. Supp. 1024, 1026 (D. Nev. 1996) ("Rule 15(a) cannot be used to deprive the Court of jurisdiction over a removed action."); Clinco v. Roberts, 41 F. Supp. 2d 1080, 1088 (C.D. Cal. 1999) (holding that a diversity-destroying amendment must be scrutinized under the standard set by Section 1447(e)); Estate of Tungpalan v. Crown Equip. Corp., No. CIV. 11-00581 LEK, 2013 WL 2897777, at *11 (D. Haw. June 12, 2013) ("this case involves the plaintiffs' request to join as parties non-diverse

defendants after removal of the case based on diversity of citizenship, the circumstance § 1447(e) directly addresses.").

Section 1447(e) states "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). The decision to allow joinder under Section 1447(e) is discretionary. Stevens v. Brink's Home Sec., Inc., 378 F.3d 944 (9th Cir. 2004). Courts look to the following factors in considering whether to allow the addition of a non-diverse defendant under Section 1447(e):

> (1) whether the new defendants should be joined under Federal Rule of Civil Procedure 19(a) as "needed for just adjudication"; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

Palestini v. Gen. Dynamics Corp., 193 F.R.D. 654, 658 (S.D. Cal. 2000). For the reasons discussed below, the Court DENIES Plaintiff's request for leave to add Brewer as a Defendant and FINDS that remand is not appropriate.

**1. Joinder Under Rule 19(a)**

A person must be joined as a party if "in that person's absence, the court cannot accord complete relief among existing

parties." Fed. R. Civ. P. 19(a). While Plaintiff's claims against Brewer arise from the same events as her claims against Defendant DAS regarding Mr. Ansagay's wrongful death, it is not necessary to consider the claims against Brewer to resolve Plaintiff's existing claims against Defendant DAS nor it is necessary to join Brewer to protect its interests. This factor weighs against allowing joinder of Brewer.

### B. Statute of Limitations and Validity of Claims

In support of her Motion to File First Amended Complaint, Plaintiff attached a print out from the Hawaii Department of Commerce and Consumer Affairs regarding Brewer. See ECF No. 20-6 at 1. That print out reflects that Brewer's corporate status is "dissolved." Id. Plaintiff's proposed First Amended Complaint does not state that Brewer is a dissolved corporation in the allegations. See ECF No. 20-5 at 3.

In its Opposition, Defendant DAS argues that Plaintiff's claims against Brewer are barred under Hawaii's corporate dissolution statute, Hawaii Revised Statutes Section 414-387. See ECF No. 25 at 9-14. Section 414-387 provides that if the dissolved corporation publishes notices of its dissolution, all unknown claims against the dissolved corporation are barred unless the claimant commences suit within five years after publication. Haw. Rev. Stat. § 414-387(c). Defendant DAS attached to its Opposition a copy of Brewer's Articles of Dissolution that were filed with the

Department of Commerce and Consumer Affairs on August 9, 2006.  See ECF Nos. 25-2, 25-5.  Based on the information provided by Defendant DAS, Brewer published the notice required by Section 414-387 on August 2, 2006.  See ECF Nos. 25-3, 25-4.  Accordingly, the five year time period in which to bring claims against Brewer expired on August 2, 2011.

Plaintiff does not challenge the fact that Brewer is a dissolved corporation, that Brewer properly published the required notice, or that her claims against Brewer were not filed within the five-year time period allowed under the statute.  See ECF No. 27.  Instead Plaintiff argues that her claims are not barred because courts in California construing a California statute allow for claims to be brought against a dissolved corporation if there is a prospect of recovery from the dissolved corporation's liability insurance.[2]  See ECF No. 27 at 4 (citing Penasquitos, Inc. v. Superior Court, 812 P.2d 154, 161 (Cal. 1991)).  The Court rejects Plaintiff's argument.  First, Plaintiff does not cite any Hawaii authority to support her position.  Second, Plaintiff's reliance on California authority is not persuasive because the California statute that Plaintiff references is not similar to the Hawaii

---

[2] The Court notes that Plaintiff's proposed allegations against Brewer do not mention any insurance coverage and Plaintiff's Motion merely states, without reference to a declaration or other evidence, that Plaintiff "believes that Brewer has liability insurance that would indemnify Plaintiff."  See ECF No. 27 at 405.

statute at issue.  The California statute, California Corporations Code § 2011, does not reference newspaper publication of notice of dissolution and, in fact, contains a specific provision that states that claims can be brought against a dissolved corporation to the extent insurance may be available to satisfy the claims.  <u>See</u> Cal. Corp. Code § 2011(a)(1)(A).  Section 414-387 does not contain a similar provision.  Third, the California case cited by Plaintiff specifically states that California's statute is different than the Revised Model Business Corporation Act, upon which Hawaii's statute is based, because "[u]nlike the Act, our statutes permit the corporate existence to continue indefinitely for the purpose of such [post-dissolution] actions."  <u>Penasquitos</u>, 812 P.2d at 160. Here, the plain language of Section 414-387 bars post-dissolution claims against Brewer unless suit is brought within five years after publication of the notice.  <u>See</u> Haw. Rev. Stat. § 414-387(c). Plaintiff did not commence suit against Brewer within five years after publication.  Accordingly, her claims appear to be barred under Section 414-387(c).  This factor weighs against allowing joinder of Brewer.

### C. Unexplained Delay

Plaintiff filed her Motions more than seven months after filing her original Complaint and nearly six months after the case was removed to this court.  According to Plaintiff's Motion, she knew that a local chemical company had made representations to Mr.

9

Ansagay regarding Dursban since February 2014, more than a year and eight months before she filed the present Motion to name that local company. See ECF No. 20-1 at 3-4. The Court finds that this delay is significant. See, e.g., Lopez v. General Motors Corp., 697 F.2d 1328, 1332 (9th Cir. 1983) (holding that a delay of six months after removal and just four days prior to the hearing on a motion for summary judgment was "too late" for plaintiff to move to amend the complaint to add new parties). This factor weighs against allowing Plaintiff to amend her complaint to add Brewer.

### D. Motive

Defendant argues that Plaintiff's motive for seeking leave to add Brewer as a defendant is to destroy diversity, which Plaintiff denies. See ECF No. 25 at 10-14; ECF No. 27 at 6-8. Plaintiff's delay in seeking leave to amend and her attempt to assert what appear to be barred claims indicate that Plaintiff's motives are suspect. However, the Court notes that Plaintiff did include allegations against Doe Corporation 1 in her original Complaint and attempted to obtain information about that company's identity from Mr. Ansagay's employer. See ECF Nos. 1-1, 27-8. On balance, the Court finds that this factor does not support granting leave to amend.

### E. Prejudice

Plaintiff argues that if she is not allowed to add Brewer as a defendant "a potential source of settlement money will be

taken off the table, making settlement that much less likely." ECF No. 27 at 13. The Court is not persuaded by this argument. First, as noted above, it appears that Plaintiff's claims against Brewer are barred by Hawaii Revised Statutes Section 414-387. Second, because Brewer is a dissolved corporation and Plaintiff has not provided any evidence to support her assertion that Brewer has applicable insurance coverage, the Court is not persuaded by Plaintiff's argument that she will be prejudiced if Brewer is not part of a potential settlement. This factor weighs against allowing Plaintiff to amend her complaint to add Brewer.

### F. Weighing Factors

Because all of the factors weigh against granting Plaintiff's request for leave to add Brewer as a Defendant, the Court DENIES Plaintiff's request for leave to add Brewer as a defendant.

### III. The Court FINDS AND RECOMMENDS that Plaintiff's Motion for Remand be DENIED.

In her Motion for Remand, the only basis that Plaintiff presents for remand is the addition of Brewer as a defendant in this action. Because the Court denies Plaintiff's request to add Brewer as a defendant, there is no basis for remand. Accordingly, the Court FINDS AND RECOMMENDS that the district court DENY Plaintiff's Motion for Remand.

CONCLUSION

The Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion to File First Amended Complaint as follows: Plaintiff's request for leave to amend her Complaint to add Van Waters and Rogers Corporation as a defendant is GRANTED; Plaintiff's request for leave to amend her Complaint to add Brewer Environmental Industries Holdings, Inc. is DENIED. Plaintiff shall file a First Amended Complaint in compliance with this order no later than December 11, 2015.

The Court FINDS AND RECOMMENDS that the district court DENY Plaintiff's Motion for Remand.

IT IS SO ORDERED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, DECEMBER 3, 2015.

Richard L. Puglisi
United States Magistrate Judge

**ANSAGAY V. DOW AGROSCIENCES LLC, ET AL., CIVIL NO. 15-00184 SOM-RLP; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO FILE FIRST AMENDED COMPLAINT AND FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR REMAND**